IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND RODRIGUEZ,

    Plaintiff,

vs.                                    CASE NO.: 8:22-cv-02101-KKM-AAS

TOWN OF GULFPORT,

    Defendant.
_____/

## DEFENDANT'S MOTION TO EXTEND RESPONSIVE PLEADING DEADLINE AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW Defendant, TOWN OF GULFPORT, by and through its undersigned counsel, and files its Motion for Extension of Time of Defendant's responsive pleading deadline and states as follows:

1. On or about September 11, 2022, Plaintiff filed his *Complaint for Declaratory and Injunctive Relief and Damages* (the "Complaint"). [Doc. 1].

2. Defendant was served with the Complaint on September 26, 2022.

3. Although the undersigned had already commenced preparation of Defendant's responsive pleading, Hurricane Ian caused a disruption of the undersigned's practice. Under these circumstances, filing Defendant's responsive pleading prior to its due date October 17, 2022, likely cannot occur.

4. As a result, Defendant requests that the Court extend the deadline for Defendant's responsive pleading by 14 days; the new deadline for Defendant's responsive pleading would be October 31, 2022.

1

5. This motion is not made for the purpose of delay.

6. No party will be prejudiced by the enlargement of time.

## MEMORANDUM OF LAW

Continuances and extensions of time are governed by Federal Rules of Civil Procedure Rule 6(b)(1)(A) and 16(b), which afford the Court broad discretion to control the conduct of the cases before it. Rule 6(b) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]

Federal Rule of Civil Procedure 16(b) further provides in part that a may be modified only for good cause and with the judge's consent.

Defendant has demonstrated good cause in this case. Hurricane Ian caused a disruption of the undersigned's practice and preparing Defendant's responsive pleading under these circumstances likely cannot occur. Here, where no party would be prejudiced by the continuance of Defendant's responsive pleading deadline, Defendant requests that the Court exercise its discretion to briefly extend Defendant's responsive pleading deadline.

WHEREFORE, Defendant, TOWN OF GULFPORT, by and through his undersigned counsel, for the foregoing reasons, move this Honorable Court for Entry of an Order extending Defendant's responsive pleading deadline until October 31, 2022.

**LOCAL RULE 3.01(g) CERTIFICATE OF COUNSEL**

The undersigned counsel has conferred with Marcy I. LaHart, Esq. (counsel for Plaintiff) in a good faith effort to resolve by agreement the issues raised by this motion and is authorized to represent that there is no objection to the requested extension of time.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of October, 2022, I electronically submitted the foregoing with the Clerk of Court using the CM/ECF system, who will send electronic notice to all parties and pro se litigants.

Respectfully submitted,

**DAYES LAW FIRM**
727 2nd Street South
Safety Harbor, Florida 34695
Telephone: 727.240.1332
Facsimile:  727.440.8188
Email: aid@dayeslaw.com
Counsel for Defendant

By:  /s/ *Andrew I. Dayes*
   **ANDREW I. DAYES, ESQUIRE**
   Florida Bar Number:  619116