UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND RODRIGUEZ,

  Plaintiff,

v.           Case No: 8:22-cv-2101-KKM-AAS

CITY OF GULFPORT,

  Defendant.

_____

## <u>ORDER</u>

Raymond Rodriguez sues the City of Gulfport for myriad constitutional violations relating to the City banning him from several municipal properties. Am. Compl. (Doc. 17). Gulfport moves to dismiss the complaint for failure to state a claim. MTD (Doc. 23). Because Rodriguez's complaint fails to separate some of his claims into separate counts, the Court dismisses it as a shotgun pleading. Gulfport's motion to dismiss is accordingly denied as moot.

## I.    BACKGROUND[1]

Rodriguez is "a citizen activist" and a "boat mechanic and boat captain." Am. Compl. ¶ 4, 18. On July 11, 2019, he was issued a trespass warning "banning him from the City of Gulfport Municipal Marina." *Id.* ¶ 19. He was not informed of the conduct that led to his trespass warning or the process by which he could appeal, and the warning expiration is listed as "indef." *Id.* ¶¶ 20, 24; Marina Warning (Doc. 17-3). On September 2, 2020, he was issued a second trespass warning, this time banning him from the "Gulfport Casino/Casino Dock." Am. Compl. ¶ 30. Again, the warning failed to "inform Rodriguez of any conduct that led to the issuance of the Trespass warning" or the process by which he could appeal. *Id.* ¶ 31. This warning also indicated that it "never" expires. *Id.* ¶ 32.

In early January 2022, Rodriguez attended a meeting of the Gulfport City Council, where he made a public comment "venting frustration regarding Gulfport's lack of transparency" and failure of the City to comply with his public records requests. *Id.* ¶¶ 41, 45. After the meeting, the City Council "unanimously voted to send Rodriguez a cease-and-desist letter," which demanded he stop "acting in an aggressive, threatening, harassing and intimidating manner towards employees of the City of Gulfport." *Id.* ¶¶ 50–51.

---

[1] The Court accepts all the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

On August 3, 2022, Rodriguez attended another City Council meeting, where he "accused [the City Manager] of covering up information regarding criminal activity" and the Chief of Police "of lying about the existence of public records." *Id.* ¶¶ 57–58. He was "immediately arrested" upon leaving the meeting. *Id.* ¶ 59. On August 16, 2022, he was issued another permanent trespass warning, this time banning him from Gulfport City Hall. *Id.* ¶¶ 62. Again, the warning did not inform Rodriguez as to his conduct which led to the warning and the expiration date is listed as "never." *Id.* ¶ 63; City Hall Warning (Doc. 17-10). But, this time, the warning informed him that "[t]respass warnings issued for city property may be appealed to the City Manager's office" and included a phone number. Am. Compl. ¶ 63.

Rodriguez's complaint includes eight counts. In Count I, he claims that "Gulfport's Trespass Policy violates the Substantive Due Process Clause of the Fourteenth Amendment" *Id.* at 11. Count II claims the policy "violates the Procedural Due Process Clause of the Fourteenth Amendment." *Id.* at 12. Count III challenges the trespass policy as void for vagueness. *Id.* at 14. Count IV alleges that the cease-and-desist letter and the City Hall trespass warning prevent him from speaking at City Council meetings in violation of his First Amendment rights. *Id.* at 16. Count V alleges that Gulfport arrested and trespassed Rodriguez in retaliation for his speech in violation of the First Amendment. *Id.* at 17. Count VI and Count VII are declaratory judgment claims requesting that the

3

Court declare the trespass policy and cease-and-desist warnings unconstitutional. *Id.* at 19–20. Finally, Count VIII requests an injunction preventing the city from enforcing the trespass warnings. *Id.*

## II.   LEGAL STANDARD AND ANALYSIS

Complaints that violate Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Here, Rodriguez brings a single "Substantive Due Process Clause" claim regarding each of the three trespass warnings he received and a single "Procedural Due Process

Clause" claim. Am. Compl. at 11, 12. But each trespass warning was given in a different location, under different circumstances, and with different appeal information attached to it.

As an initial matter, although Rodriguez might have a "liberty interest" to be on city lands that are generally open to the public, that interest is neither fundamental nor limitless. *See Peery v. City of Miami*, 977 F.3d 1061, 1071 (11th Cir. 2020). But before the Court can adequately address any merits argument regarding the substantive due process claims, the claims must be broken out into separate counts because each claim alleges a right to be in a different location. And because the complaint suggests that the process provided as to each warning was different, and each occurred in a different place and at a different time, the analysis of each procedural due process claim will also differ, so they too should be broken into three separate counts. In short, the Court must analyze each warning separately, considering the individual facts and circumstances of each. Thus, the complaint "fails to separate into different counts each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322.

Accordingly, the Court dismisses the second amended complaint without prejudice. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). If Rodriguez elects to pursue this action, he must file a second amended complaint no later than May

26, 2023. The two due process claims—if Rodriguez realleges them—must be separated into six claims for the reasons explained above.

## III.    CONCLUSION

Rodriguez's due process claims fail to separate each incident into separate counts. Accordingly, the following is **ORDERED**:

1.    Rodriguez's amended complaint is dismissed without prejudice. By May 26, 2023, Rodriguez may file a second amended complaint that comports with this order.

2.    Defendant's motion to dismiss is **DENIED** as moot.

3.    Should the parties wish to amend the mediation deadline or any other deadline in the light of the anticipated second amended complaint, they may file a new Case Management Report by June 2, 2023.

**ORDERED** in Tampa, Florida, on May 17, 2023.

Kathryn Kimball Mizelle
United States District Judge