UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND RODRIGUEZ,

    Plaintiff,

v.                                Case No.: 8:22-cv-02101-KKM-AAS

CITY OF GULFPORT,

    Defendant.
_____/

## ORDER

Defendant City of Gulfport (Gulfport) moves for a determination on the amount of the award of attorney's fees against Defendant Raymond Rodriguez. (Doc. 50). Mr. Rodriguez did not respond and the time for doing so has expired. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

I.     **BACKGROUND**

Gulfport moved for an order compelling Mr. Rodriguez to respond to Gulfport's Interrogatories and Requests for Production. (Doc. 46). Rodriguez did not respond to Gulfport's motion within the fourteen days permitted by the Local Rules. *See* Local Rule 3.01(c), M.D. Fla. The court granted Gulfport's motion and awarded reasonable attorney's fees and expenses incurred in bring its motion against Mr. Rodriguez. (Doc. 49); *See* Fed. R. Civ. P. 37(a)(5)(A) ("If

1

the motion [to compel] is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). Gulfport now requests that the court award $2,272.00 in attorney's fees incurred in connection with Gulfport's motion to compel. (Doc. 50).

## II. ANALYSIS

Under Fed. R. Civ. P. 37(a)(5)(A), the court has determined that an award of reasonable attorney's fees is appropriate. As to amount, the Eleventh Circuit applies the lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The moving party bears the burden of establishing the reasonableness of its hourly rate and the number of hours expended. *Norman v. Hous. Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making fee determinations, the court can rely on its own expertise as to the prevailing hourly rates in the marketplace and the number of hours expended. *Id.*

The court has reviewed the time records. (Doc. 50-1). The hourly rates requested and number of hours performed are reasonable. (*See* Doc. 50-1, Ex. A). Specifically, the reasonable attorney's fees incurred relating to Gulfport's

motion to compel are $2,272.00, comprising 14.2 hours of work at the regular hourly rate charged by Gulfport for defense of governmental entities and their employees at $160.00.

### III. CONCLUSION

Accordingly, it is **ORDERED**:

(1) Gulfport's motion for attorney's fees (Doc. 50) is **GRANTED**. The court orders fee shifting, under Fed. R. Civ. P. 37(a)(5)(A), in the amount of $2,272.00 ($160.00 × 14.2) against Mr. Rodriguez.

(2) The Clerk of Court is **DIRECTED** to send this order by mail to Mr. Rodriquez at 5322 26th Avenue South, Gulfport, Florida 33707, and by email to Mr. Rodriquez at captray44@gmail.com.

**ENTERED** in Tampa, Florida on December 19, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge