UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND RODRIGUEZ,

    Plaintiff,

v().                                         Case No.: 8:22-cv-02101-KKM-AAS

CITY OF GULFPORT,

    Defendant.
_____/

## ORDER

Defendant City of Gulfport (Gulfport) moves for a determination on the amount of the award of reasonable expenses and attorney's fees against Defendant Raymond Rodriguez. (Doc. 87). Mr. Rodriguez did not respond and the time for doing so has expired. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

The court ruled Gulfport is entitled to its reasonable attorney's fees and expenses caused by Mr. Rodriguez's failure to respond to Gulfport's request for production and request for interrogatories. (*See* Doc. 86, p. 8) (citing Fed. R. Civ. P. 37(b)(2)(C)). As to amount, the Eleventh Circuit applies the lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). The moving

1

party bears the burden of establishing the reasonableness of its hourly rate and the number of hours expended. *Norman v. Hous. Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making fee determinations, the court can rely on its own expertise as to the prevailing hourly rates in the marketplace and the number of hours expended. *Id.*

The court has reviewed the time records. (Doc. 87-2). Counsel requests $3,280.00, comprising 20.5 hours of attorney time at an hourly rate of $160.00 (Doc. 87-1). The hourly rate requested is reasonable. The time records, however, support that the 20.5 hours of time billed was for work beyond the reasonable attorney's fees and expenses awarded for Mr. Rodriguez's failure to respond to Gulfport's request for production and request for interrogatories. (*See* Doc. 86, p. 8). Gulfport's billing records contain multiple time entries related to other conduct for which Mr. Rodriguez was sanctioned and unrelated to Mr. Rodriguez's failure to respond to Gulfport's discovery requests. (*See* Doc. 87-2).

Because a reduction of Gulfport's fees requested is warranted to exclude time spent by Gulfport's attorney on Mr. Rodriguez's failure to comply with other court orders and other sanctionable conduct, the question remains how to determine an appropriate reduction. Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts

to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). The court may "conduct either an hour-by-hour analysis of the requested hours or an across-the-board reduction." *Four Green Fields Holdings, LLC v. Four Green Fields*, No. 8:10-CV-2800-T-27EAJ, 2011 WL 5360143 at *3 (M.D. Fla. Oct. 17, 2011) (citing *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1351-52 (11th. Cir. 2008)). Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 837 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

Upon thorough review of the time records, it appears approximately 40% of the provided entries include time billed due to Mr. Rodriguez's failure to respond to discovery and approximately 60% of the provided entries include time billed due to Mr. Rodriguez's failure to comply with other court orders and other sanctionable conduct. Thus, an across-the-board reduction of the requested hours by 60% is appropriate.

Accordingly, it is **ORDERED**:

(1)    Gulfport's motion for attorney's fees (Doc. 87) is **GRANTED-IN-PART AND DENIED-IN-PART**. Gulfport is awarded reasonable attorney's fees in the amount of **$1,312.00** against Mr. Rodriguez. This amount

represents the attorney's fees Gulfport incurred as a result of Mr. Rodriguez's failure to respond to Gulfport's request for production and request for interrogatories.

(2) The Clerk of Court is **DIRECTED** to send this order by mail to Mr. Rodriquez at 5322 26th Avenue South, Gulfport, Florida 33707, and by email to Mr. Rodriquez at captray44@gmail.com.

**ENTERED** in Tampa, Florida on March 28, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge